[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant Dolly Parthenis, widow of Dr. Alexander Parthenis, executrix of his estate, makes this motion on three grounds. It is alleged that Dr. Parthenis was charged with the care of Susan Wilson when she was admitted to Cedarcrest Regional Hospital on November 7, 1988 at approximately 2:00 p.m., and that at 9:19 p.m. of that day she was found hanging by the neck in the bathroom. As a result thereof it is alleged that she sustained severe disabling and permanent injuries resulting from severe brain damage and neurological damage.
This motion for summary judgment is based upon three specific claims of the defendant, which are discussed in the sequence set forth in the motion and the defendant's brief. CT Page 9150
Reason 1) that the plaintiff was voluntarily admitted to Cedarcrest Regional Hospital and therefore had no due process rights to adequate medical care.
 As to whether Susan Wilson was admitted to Cedarcrest Hospital on a voluntary or an involuntary basis is a matter of factual dispute. She was first admitted to Elmcrest Hospital on an involuntary basis by Physicians Emergency Certificate on October 26, 1988. Thereafter, on November 1988, she was transferred to Cedarcrest Regional Hospital. It is without question, from the medical reports submitted by the plaintiff, that Susan Wilson was seriously mentally disturbed at the time of admission, the extent of which may require analysis by the psychiatric experts who may testify in this case. She was placed on "close observation for self destruction behavior."
 Upon admission she was required to sign a one page form captioned "Voluntary Commitment Application" containing one space for her signature. As her transfer into this hospital was not accompanied by a Physicians Emergency Certificate (General Statute § 17a-502) this printed form was utilized, as provided by General Statutes § 17a-506. That procedure allows the patient, upon admission to the hospital, to thereafter be involuntarily confined to the hospital for a period of five days after giving notice in writing of the patient's desire to leave (General Statutes § 17a-506).
It is a question of fact as to CT Page 9151 whether Susan Wilson possessed the competency to make a voluntary decision to be confined in Cedarcrest Hospital. The mere signing of the form, under these circumstances, would not in and of itself be conclusive of that factual question. Further even if the admission was factually determined to be voluntary, yet the five-day mandatory period during which there can be no voluntary departure from the hospital raises a question as to whether her confinement subsequent to admission, during which the events occurred, was voluntary or conversely would be "deprivation of liberty, as is argued to be necessary in the defendant's brief.
 Lastly, the Connecticut Supreme Court, in the case of Mahoney v. Lensink, 213 Conn. 548, 571 (1990) states as follows: "Regardless of whether a patient's admission status is voluntary or involuntary, the state may not subject a citizen to `the deprivation of any rights, privileges or immunities secured by the Constitution. 42 U.S.C. § 1983; Seide v. Prevost . . ."
Hence, the defendant cannot prevail on this reason for his motion for Summary Judgment.
Reason 2) that defendant is entitled to qualified immunity because Dr. Parthenis did not violate any clearly established rights of the plaintiff or did not act with deliberate indifference to the plaintiff's welfare.
 As to whether there is a clearly established right, the Connecticut Supreme Court acknowledges the right to treatment and to a safe environment CT Page 9152 as a federally recognized right. Mahoney v. Lensink, supra, p. 571. In affirming this right the Court notes the cases of Seide v. Prevost, 536 F. Sup. 1121 (SDNY 1982), E. H. v. Martin, 284 S.E.2d 232 (W.Va. 1981) and Goodman v. Parwatikar, 570 F.2d 801
(1978), each of which deal with the application of the federally recognized right. See Mahoney v. Lensink, supra, p. 571, 572. The contention of the defendant that the federal right was not identified until after November 7, 1988 is without merit. Each of the above out of state cases, interpreting the extent of the identified right, were decided substantially prior in time to November 7, 1988. The court, in Mahoney v. Lensink, did not create the federal right, it merely acknowledged the fact of its historic existence.
 As to the defendant's contention that the alleged conduct of the doctor does not constitute deliberate indifference this would be a question of fact for the trier of fact. The defendant's brief uses the criteria "deliberate indifference" to measure conduct which would be necessary to avoid qualified immunity. The plaintiff cites Harper v. Coserv, 554 F.2d 1121 (1st CIRC 1976) as applying a criteria of "such a degree of wanton neglect."
 The evidence submitted to the Court by the plaintiff demonstrates two separate hospital policies. One is captioned "suicide prevention" requiring that the patient be constantly assigned to a staff member "who will remain within one arm's length of the patient at all times." CT Page 9153 Emphasis in the original. And that at no time will the patient be allowed to close a door between himself and the staff member assigned to his care." The "one arms length" procedure applies even during toilet activities.
 The other policy is captioned "close observation" which calls for a less stringent supervision, requiring that "the patient must be seen every 15 minutes and must remain on the ward."
 Whether the failure of the doctor to implement the former policy rather than the latter policy does or does not constitute deliberate indifference is a question of fact for the trier of fact.
 This reason for summary judgment, qualified immunity on the bases alleged, is rejected by the Court.
Reason 3) that the claim is barred by the Statute of Limitations.
 The defendant contends that actions claiming damages for injuries under 42 U.S.C. § 1983 are governed by General Statutes § 52-577, Action Founded Upon a Tort (three years) or General Statutes § 52-584, Limitation of Action for injury to person or property (2 years from date of injury or on discovery thereof, but not later than three years from the date of act or omission), control this claim. The defendant cites two Federal Court cases to support this contention. No Connecticut state cases are cited. The defendant contends that as the occurrence took place on November 7, 1988, and the First Amended Complaint CT Page 9154 specifically alleging a 42 U.S.C. § 1983
claim against the defendant, by specific U.S.C. § identification was filed by amendment dated December 31, 1992 the Statute of Limitations had expired as of the date of filing.
 Suit was commenced against defendant within two years from the date of the occurrence. The plaintiff claims that the original complaint against all defendants alleged violations of both state and federal civil rights.
 The defendant presented this argument to the Court, Aurigemma, J., in the context of objecting to the motion to amend, on January 19, 1993 and the argument was not accepted by the Court. See ruling March 16, 1993.
 The Connecticut Supreme Court, in recognizing the Rule 15 of the Federal Rules, by analogy, states as follows: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the original pleading." Gurliacci v. Mayer, 218 Conn. 531, 547 (1991). "A right of action at law arises from the existence of a primary right in the plaintiff and the invasion of that right and that delict constitutes the cause of action." Gurliacci v. Mayer, supra, p. 547. The amendment in the instant case does not present "an entirely new and different factual situation." The amendment relates back to the original complaint. The defendant's motion for Summary CT Page 9155 Judgment on the basis of the statute of limitations is denied.
For the reasons set forth herein the defendant's motion for summary judgment is denied.
L. Paul Sullivan, J.